No. 20,801.

FRANK W. LADWIG, ET AL., *v.* L. M. SHAFFER.
(390 P. [2d] 67)

Decided March 2, 1964.    Rehearing denied March 23, 1964.

Mr. RAYMOND DUITCH, for plaintiffs in error.

Messrs. GALLAGHER and WILLS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS is an action to recover money alleged to be due on a contract.

The record discloses that the Ladwigs desired to purchase Shaffer's Tractor and Implement Company in Colorado Springs. Shaffer indicated he would sell for $15,400.00, which was "roughly the inventory value of his business." Apparently, the Ladwigs objected to paying such a sum as *a capital investment.* Thereafter, the parties entered into two separate written agreements. The first one dated December 2, 1957, concerns selling the business itself for $7,000.00, payable $3,000.00 down and the balance in installments. At the same time and date the parties also executed a written "Contract of Employment" whereby the buyers agreed to pay the seller *the sum of $8,400.00* "in the manner following; [sic] $2,400.00 at the end of each of the first, second and third years from the date hereof and the balance at the end of this period of employment." Then followed a sentence providing for separate sales commissions if earned. Next appeared this pertinent wording:

"It is understood and agreed that this contract of employment for the sum certain set forth above, whether or not the employee shall live and be able to serve actively any part or all of the 3½ year period, is made because of the many established contacts of the employee in the tractor and implement business and for his services as a technical advisor and for his many and

varied abilities and experience in said business for over thirty years."

It appears that soon after the Ladwigs took possession of the business, Shaffer, due to ill health and apparent lack of cooperation between the parties, ceased his occasional visits and sporadic assistance and the buyers then refused to make the remaining payments due seller under the above employment agreement. Shaffer brought suit for the balance alleged to be due him, contending it was part of the purchase price, and secured a favorable judgment which buyers seek to reverse by writ of error.

Various errors are assigned for reversal relating to such matters as an alleged violation of the parol evidence rule, alleged error as to certain instructions given or refused, and failure to direct a verdict in buyers' favor, to mention the most cogent ones, none of which we find to have any merit.

■ Suffice it to say, the crux of the dispute here is whether the so-called "Contract of Employment" requires the payments to be made regardless of Shaffer's later relationship to the business. It is urged by buyers that their employment agreement with seller is a separable and distinct instrument and that the sums due thereunder cannot be considered as part payment of the purchase price, which they assert was fully paid under their first agreement. The trial court, however, read the two instruments together and under the circumstances of this case we believe that was proper. The reason is that the record discloses, and these two contracts confirm, that the purchase price finally agreed upon was to be divided between the two methods of payment — for whatever tax purpose or other reasons the parties may have then had. Under the so-called "Contract of Employment" Shaffer was to be paid the sum of $8,400.00 as additional purchase price to compensate him for what amounted to good will of the business as evidenced by the wording used plus the fact it was to

be paid even though he died before all sums due were received.

The trial court did not err in entering judgment on the verdict in favor of Shaffer.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.